[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 14, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 03-16548
Non-Argument Calendar

_____

D.C. Docket No. 01-00026-CV-2-CDL-4

PATRICIA L. FRY,

Plaintiff-Appellant,

versus

MUSCOGEE COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 14, 2005)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Patricia L. Fry appeals pro se the district court's grant of summary judgment in favor of Muscogee County School District (MCSD) on her claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Fry also appeals the jury verdict in favor of MCSD on her claims under the Rehabilitation Act, 29 U.S.C. §§ 701 et seq. No reversible error has been shown; we affirm.

Fry, a certified school psychologist, alleged in her complaint that MCSD discriminated and retaliated against her by assigning her to facilities that were not handicap accessible and threatening her with disciplinary action--and eventually terminating her employment--when she complained of the lack of accommodation.[1] The district court later allowed Fry to amended her complaint to include claims under the Rehabilitation Act arising out of the same facts. The district court granted summary judgment in favor of MCSD on her ADA claims because Fry had failed to file a signed and verified charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Instead, Fry's EEOC charge was signed on her behalf by her attorney; and Fry did not amend her charge of discrimination to include her subsequent verification or signature. Fry's

---

[1]Fry alleged that she suffered from Scheuremann's Kyphosis, morbid obesity, Type II diabetes, hypertension, and peripheral neuropathy, all of which limited life activities like performing manual tasks, walking and working.

Rehabilitation Act claims went to a jury, which rendered a verdict in favor of MCSD.

Fry argues first that the district court improperly granted summary judgment to MCSD on her ADA claims. She asserts that the EEOC did not question the validity of her discrimination charge. And she contends that her failure to verify the charge was outside of her control: the EEOC informed her that it was her lawyer's responsibility to correct errors in her charge and her lawyer told her that amendment was not necessary.

"We review a district court's grant of summary judgment de novo, viewing the facts--as supported by the evidence in the record--and reasonable inferences from those facts in the light most favorable to the nonmoving party." Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004).

Before filing suit under the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. See 42 U.S.C. § 12117(a) (applying remedies and procedures of Title VII to ADA); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (stating that first step in exhausting administrative remedies in Title VII case is filing timely charge of discrimination with EEOC). EEOC regulations require a charge to be signed and verified. See

29 C.F.R. § 1601.9.  The verification requirement is mandatory.  See Vason v. City

of Montgomery, 240 F.3d 905, 907 (11th Cir. 2001).

The district court here correctly granted summary judgment to MCSD on

Fry's ADA claims: she failed to file a verified charge of discrimination with the

EEOC.  Instead, her charge was signed "Patricia Fry w/ permission MTM."[2]

Although the applicable regulations allow charges of discrimination to be filed on

behalf of a person, see 29 C.F.R. § 1601.7(a), the regulations do not dispense with

the requirement that a plaintiff verify the facts supporting a claim, see 29 C.F.R.

§ 1601.9.  Also, we are aware that the regulations allow a plaintiff to amend her

charge so that she may cure an earlier failure to verify the charge.  See 29 C.F.R.

§ 1601.12(b).  But Fry did not amend her charge: instead, she amended her

complaint to add claims under the Rehabilitation Act.  And we previously have

rejected the argument that the EEOC is obligated to inform a plaintiff of

deficiencies in her charge.  See Vason, 240 F.3d at 907. [3]

Fry argues second that, in the light of the grant of summary judgment on her

ADA claims, the district court confused the jury by instructing it on the legal

_____

[2] These are the initials of Fry's lawyer, Michael T. McGonigle, who stated that he filed the charge with her permission but could not personally swear to the truth of the facts in the charge because he did not have personal knowledge of those facts.

[3] We need not address Fry's arguments about the timeliness of her charge.

4

standards for proving a claim under both the Rehabilitation Act and the ADA. She claims that these standards are different: she bears a higher burden of showing causation under the Rehabilitation Act. She also contends that the district court erred by failing to instruct the jury properly on the failure-to-accommodate claim.

Fry initially objected to the jury instructions about the causation standards for her claims. But the district court then included the language she requested. Fry then expressed her satisfaction with the amended jury instructions and with the verdict form. Fry invited the error that she now complains of: her acceptance of the amended jury instructions served to waive her right to challenge the accepted instructions on appeal. See Ford ex rel. Estate of Ford v. Garcia, 289 F.3d 1283, 1294 (11th Cir. 2002).

Fry next argues that the district court erred by allowing MCSD to introduce evidence about her later employment in Florida and about a lawsuit she filed in Florida after her eventual termination from that job. She asserts that the admission of this evidence was irrelevant and unfairly prejudicial as it presented her to the jury as a "problem employee."

The record shows that Fry lodged a pretrial objection to MCSD's intended introduction of evidence about her Florida employment. MCSD argued that the evidence was relevant to show (1) the extent of her disability and her ability to

perform her job if reinstated and (2) damages. The district court opined that the evidence might be admissible to show that Fry was not disabled, but the court questioned whether the evidence could be used to show that Fry was a poor employee. The court delayed ruling until it would hear the evidence at trial and advised Fry's lawyer that he needed to object again at trial to the admission of the evidence. But the court allowed MCSD to refer to the Florida lawsuit in opening argument, without referring to the underlying facts, to the extent the Florida suit pertained to overlapping damages.

MCSD referred to the Florida lawsuit in opening argument with no objection from Fry. The district court later admitted Fry's Florida complaint during MCSD's cross-examination for the limited purpose of impeaching her earlier testimony on a matter unrelated to her termination by the Florida school district.[4] Fry did not object to the admission of the Florida complaint. During closing argument, MSCD stated, without objection, that the damages Fry sought could overlap with the damages she was seeking from the Florida school district.

Despite the district court's admonition, Fry failed to object to the instances where the Florida lawsuit was mentioned and admitted into evidence: we review

---

[4] Fry had testified that she did not look for a new job until March 2000 and that she did not pursue the Florida job before then; but the Florida complaint indicated that she had applied for the Florida job in February 2000.

6

only for plain error.  See Brough v. Imperial Sterling, Ltd., 297 F.3d 1172, 1179 (11th Cir. 2002).[5]  MCSD made brief references to the Florida lawsuit during opening and closing argument on the issue of damages, a relevant issue that the jury would decide.  And MCSD only admitted the Florida complaint to impeach Fry's earlier testimony.  Fry does not point to any instance in the record where MCSD went into the facts underlying the Florida complaint.  In sum, MCSD only mentioned the Florida lawsuit a few times during a multi-day trial and for limited purposes.  Fry cannot show error, plain or otherwise, from the admission of evidence about the Florida lawsuit.

Finally, Fry notes several instances throughout her lawsuit where she was displeased with the performance of her lawyers, who were provided by the Georgia Association of Educators.  She requests that we provide a remedy for the "recipient of the consequences of poor legal practice."  But Fry neither has a "constitutional or statutory right to effective assistance of counsel on a civil case," nor does she have a "right to a new trial in a civil suit because of inadequate counsel."  Mekdeci v. Merrill Nat'l Labs., 711 F.2d 1510, 1522-23 (11th Cir. 1983)

---

[5]On plain error review, a party must show "error" that is "plain" and that "affects the substantial rights of the party."  Brough, 297 F.3d at 1179.  It is only after these conditions have been satisfied that an appellate court then may exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of the judicial proceedings.  Id.

(citation omitted).  We cannot provide a remedy for the alleged errors of Fry's lawyers.

AFFIRMED.